IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| OMAR ANDERSON, | * | |
| Movant | * | CRIMINAL NO. JKB-11-476 |
| v. | * | (CIVIL NO. JKB-12-1600) |
| UNITED STATES OF AMERICA | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Omar Anderson pleaded guilty on October 28, 2011, to one count of conspiracy to possess with intent to distribute a controlled substance. He signed a plea agreement that set forth a statement of facts regarding the drug conspiracy in which he engaged with others in the Reservoir Hill area of Baltimore, Maryland. That statement of facts detailed a conspiracy beginning approximately in February 2011 and continuing until September 2011 and further detailed Anderson's multiple roles, including purchasing bulk quantities of crack cocaine, packaging it for street-level distribution, and supervising several employees who distributed the crack cocaine to retail customers. Additionally, the statement of facts included information about the execution of a search-and-seizure warrant at Anderson's home in Baltimore that yielded 250 grams of crack cocaine, which was found in Anderson's bedroom closet. Finally, the statement of facts explicitly stated: "Mr. Anderson conspired with several other individuals to possess with the intent to distribute the 250 grams of crack cocaine."

In this motion pursuant to Section 2255, Title 28, United States Code, Anderson asserts he is actually innocent of the crime and, also, he received ineffective assistance of counsel. He elaborates on these points somewhat by arguing the Government did not prove the essential

elements of the crime and that his counsel was ineffective because he did not challenge the factual basis for his plea. He provides nothing to support his claim of actual innocence other than his bare statement of such. He has presented nothing to the Court that establishes a need for an evidentiary hearing. This case may be resolved by reference to the record, specifically, the transcript of the plea proceeding and the plea agreement, signed by Anderson, which incorporates the statement of facts mentioned earlier in this memorandum. The Court has also considered the Government's opposition.

> At the plea proceeding, the Court engaged with Anderson in the following colloquy:
>
> THE COURT: You have indicated that you intend to plead guilty to this one count indictment, it contains one charge. The essential elements of the charge are first, the Government would have to prove that there was an agreement, that the agreement existed between two or more persons, you being one of them, to violate the Federal Drug Laws by possessing with the intent to distribute 28 grams or more of cocaine base.
>
> . . .
>
> THE COURT: All right, so that is the first element, the second element is that you knowingly joined that agreement, those are the essential elements.
>    Do you understand that if the Government could not prove each and every one of those elements beyond a reasonable doubt to the unanimous satisfaction of the jury, you could not be convicted on that count?
>
> THE DEFENDANT: Yes sir.
>
> THE COURT: Before I can accept your guilty plea I must be satisfied that there is a factual basis for it. Please listen carefully as the Assistant U.S. Attorney details what he believes he could prove if there was a trial in this case. . . .
>
> MR. FUCHS: [reads statement of facts from the plea agreement]
>
> THE COURT: Mr. Anderson, this is part of the plea agreement that I have already otherwise gone over with you and that you signed on page 8, right?
>
> THE DEFENDANT: Yes sir.
>
> THE COURT: So let me ask you this, if there was a trial in this case could the Government prove those facts that they just read?

      THE DEFENDANT:  Yes sir.

(Tr. 31-33, Gov't's Opp'n, Ex. B, ECF No. 214.)

      The movant's claim of inadequate factual basis is belied by the record.  Any argument by his counsel that the Court lacked a proper factual basis for conviction would be implausible.  Thus, it was not ineffective assistance of counsel for Anderson's counsel not to make such an argument.  The motion is DENIED.

DATED this <u>2nd</u> day of October, 2012.

                                      BY THE COURT:

                                      _____/s/_____

                                      James K. Bredar
                                      United States District Judge